Carolyn Hunt Cottrell (SBN 166977)
Samantha A. Smith (SBN 233331)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
sasmith@schneiderwallace.com

*Attorneys for Plaintiff,*
*on behalf of the putative Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELA MELGOZA, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>AEGIS SENIOR COMMUNITIES LLC d/b/a AEGIS LIVING,<br><br>*Defendant.* | Case No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br>1. **Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*);**<br>2. **Failure to Pay for All Hours Worked (Cal. Lab. Code § 204)**<br>3. **Failure to Pay Minimum Wage for All Hours Worked (Cal. Lab. Code §§ 204, 1194, 1197, and 1198);**<br>4. **Failure to Pay Overtime Wages (Cal. Lab. Code § 510);**<br>5. **Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Lab. Code §§ 226.7 and 512);**<br>6. **Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226);**<br>7. **Waiting Time Penalties (Cal. Lab. Code §§ 201-203)**<br>8. **Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*);**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.    Plaintiff Daniela Melgoza ("Plaintiff"), individually and on behalf of all other similarly situated individuals, brings this class and collective action against Aegis Senior Communities LLC d/b/a Aegis Living ("Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and California wage and hour laws.

2.    This action stems from Defendant's policies and practices of: (1) failing to properly compensate Plaintiff and putative Class and Collective members for all hours worked; (2) failing to pay minimum wage for all hours worked; (3) failing to pay all overtime wages owed; (4) failing to make available, authorize, and/or permit Plaintiff and putative Class members to take timely and compliant meal and/or rest periods to which they are entitled by law and failing to make premium payments for those non-compliant meal and rest periods; (5) failing to provide accurate, itemized wage statements, and (6) failing to timely pay all wages due upon separation from employment.

3.    Plaintiff seeks damages, penalties, and interest to the full extent permitted by the FLSA, California Labor Code, and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

**SUBJECT MATTER JURISDICTION AND VENUE**

4.    The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff was employed in this District and the claims asserted arose in this District. At all material times Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California.

**PARTIES**

6.    Plaintiff Daniela Melgoza is an individual over the age of eighteen, and at all times

relevant to this Complaint was a resident of the State of California, County of Santa Cruz. Plaintiff was employed as a caregiver by Defendant in Aptos, California from approximately November 2021 until January 2022.

7.     The Collective members are people who are or who have been employed by Defendant as hourly, non-exempt employees in the United States at any time within the three years preceding the filing of this Complaint.

8.     The Class members are all people who are or who have been employed by Defendant as hourly, non-exempt employees in California within the four years preceding the filing of this Complaint.

9.     Plaintiff is informed, believes, and thereon alleges that Defendant Aegis Senior Communities LLC, doing business as Aegis Living, is a Washington corporation with its principal place of business located in Bellevue, WA. Defendant is registered to do business in the State of California and does business in the State of California. Defendant may be served with process by serving its registered agent, Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

10.     Upon information and belief, Defendant is part of the residential care facilities industry. Defendant operates assisted living and memory care facilities that provide care to elder residents suffering from physical and cognitive impairments. Defendant operates facilities throughout the United States, including in the State of California. Defendant employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff throughout the United States, including in the State of California.

11.     Plaintiff is informed, believes, and thereon alleges that Defendant exercises control over Plaintiff and putative Class and Collective members with respect to their employment.

12.     Plaintiff and Class and Collective members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

13.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14.     Plaintiff is informed, believes, and thereon alleges that Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

15.     In addition to Plaintiff, Defendant has employed numerous other employees who, like Plaintiff, are hourly, non-exempt employees engaged in interstate commerce.  Further, Defendant is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with merchants across state lines, and processes patient credit cards with banks in other states.

16.     At all material times, Plaintiff and Collective and Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

17.     At all material times, Defendant has done business under the laws of California, has places of business in the State of California, including in this judicial district, and has employed putative Class members in this judicial district. Defendant is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201. Defendant is also an "employer" as that term is used in the FLSA, California Labor Code, and the IWC Wage Orders.

## FACTUAL ALLEGATIONS

18.     Upon information and belief, Defendant Aegis Senior Communities LLC, doing business as Aegis Living is part of the residential care facilities industry. Defendant owns and operates assisted living and memory care facilities across the United States, including in California. Defendant provides a continuum of care to elder residents suffering from physical and cognitive impairments.

19.     Plaintiff worked for Defendant as a caregiver in Aptos, California from approximately November 2021 until January 2022. Her duties included, but were not limited to, assisting residents with activities of daily living; aiding residents in eating, dressing, and washing; providing other care as needed; and reporting resident status. Excluding time worked off the clock, Ms. Melgoza typically worked eight hours per shift and five shifts per week, for a total of 40 hours per week, earning $17.00 per hour.

20.     Like Ms. Melgoza, the putative Class and Collective members are current and former non-exempt employees of Defendant throughout the United States, including in the State of California.

As a result of such uncompensated time worked off the clock, Plaintiff and putative Class and Collective members worked over eight hours in a day and/or over 40 hours in a week without receiving pay at the appropriate overtime rate for such work.

21.    Plaintiff is informed, believes, and thereon alleges that Defendant employs and has employed hundreds of non-managerial employees throughout the United States, including in the State of California and uniformly classifies them as hourly, non-exempt employees under the FLSA and California law.

22.    Plaintiff is informed, believes, and based thereon, alleges that putative Class and Collective members are employed by Defendant in a similar manner throughout the United States, including in this judicial district, and perform work materially similar to Plaintiff.

23.    Non-exempt, hourly workers employed by Defendant have a variety of responsibilities. These responsibilities include: cleaning resident rooms, communicating with doctors, administering medicine, recording medical history and symptoms, performing diagnostic tests, checking residents' vital signs, feeding and washing residents, documenting information, and assisting with medical procedures, among other tasks.

24.    Defendant requires Plaintiff and putative Class and Collective members to perform work-related activities for Defendant's benefit without adequate compensation. In particular, Defendant required Plaintiff and putative Class members to work 40-hour weeks while vastly underpaying them for the number of hours worked. For example, throughout Plaintiff's tenure working for Defendant, Plaintiff received bi-weekly payments of $465.80 from Defendant, despite working 40 hours per week at a pay-rate of $17.00 per hour. These wage payments calculate to roughly $5.82 per hour – well below the requirements of the FLSA and State of California. Putative Class and Collective members suffer similar underpayments from Defendant. Upon Plaintiff and putative Class and Collective members' complaints to Defendant regarding the severe underpayments, Defendant blamed the underpayments on a breach in the Kronos payroll system that Defendant used to record hours and wages. Despite it being Defendant's responsibility, not the responsibility of Kronos, to make sure Plaintiff and putative Class and Collective members are

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC*

properly compensated, Defendant has failed to timely and accurately issue Plaintiff and putative Class and Collective members the correct payment for the hours of work that they have labored for the benefit of Defendant.

25. As a result of these policies and/or practices, Plaintiff and putative Class and Collective members are denied compensation for all hours worked, including minimum wages and overtime, which they are lawfully owed resulting from the additional off-the-clock work in excess of eight (8) hours per day and forty (40) hours per week.

26. Plaintiff is informed, believes, and thereon alleges that Defendant utilizes the same or substantially similar timekeeping and payroll mechanisms throughout all its facilities in the United States, including in the State of California.

27. Plaintiff and putative Class members are routinely denied rest breaks because Defendant does not authorize permit, and/or make available timely rest breaks periods. Specifically, pursuant to uniform, companywide policies and practices, Defendant requires Plaintiff and putative Class members to remain on duty throughout their scheduled shifts, including during rest break periods. Additionally, Plaintiff and putative Class members are either too busy with work during the day to have time to take bona fide rest breaks or get called back to work mid-break to assist with a resident. Plaintiff, for example, was unable to take a compliant rest break an average of four times per week.

28. Despite these recurring violations, Defendant does not provide Plaintiff and putative Class members premium pay for missed rest periods.

29. Plaintiff is informed, believes, and thereon alleges that the same rest break polices are used across all Defendant's facilities throughout California.

30. Defendant also does not permit Plaintiff and putative Class and Collective members to take compliant meal break periods. Specifically, Plaintiff and putative Class and Collective members are routinely denied timely meal breaks because Defendant does not make available timely meal break periods. Plaintiff and putative Class and Collective members are too busy with work during the day to have time to take bona fide meal breaks before the fifth hour of work

31. Despite these recurring violations, Defendant does not provide Plaintiff and putative

1  Class members with premium pay for missed or untimely meal breaks.

2      32.    Plaintiff is informed, believes, and thereon alleges that the same meal break policies are

3  used across all Defendant's facilities.

4      33.    Defendant's common course of wage-and-hour abuse includes routinely failing to

5  maintain true and accurate records of the hours worked by Collective and putative Class members.

6      34.    Defendant fails to provide Plaintiff and putative Class members with accurate and

7  itemized wage statements as required by the State of California. Defendant has provided Plaintiff and

8  putative Class members with statements that show only the total amount paid on each paycheck. The

9  statements do not indicate the rate of pay or the number of hours that Plaintiff and putative Class

10 members worked.

11     35.    Defendant's failure to compensate employees for all hours worked, including missed

12 rest and meal breaks, further results in a failure to provide putative Class members, including Plaintiff,

13 accurate itemized wage statements. The wage statements are inaccurate because they do not include

14 off-the-clock work and premium pay for missed or untimely meal breaks. Moreover, as discussed

15 above, Defendant issues wages statements for wage payments that are vastly less than what is owed

16 to Plaintiff and putative Class members.

17     36.    Further, Defendant does not provide putative Class members, including Plaintiff, whose

18 employment has ended, with full payment of all wages owed at the end of their employment. As these

19 workers are owed for Defendant's vast underpayments, premium pay, and reimbursements for all

20 business expenses when their employment ends, and these amounts remain unpaid under Defendant's

21 policies and practices, Defendant fails to pay all wages due upon termination. As a consequence,

22 Defendant is subject to waiting time penalties.

23     37.    Defendant has employed hundreds of people similarly situated to Plaintiff during the

24 four-year period prior to the filing of this Complaint.

25     38.    Defendant's method of paying Plaintiff and putative Class members was willful and

26 was not based on a good faith and reasonable belief that their conduct complied with California law.

27     39.    Defendant's conduct was willful, carried out in bad faith, and caused significant

28

1  damages to non-exempt hourly employees in an amount to be determined at trial.

2  **COLLECTIVE ALLEGATIONS UNDER THE FLSA**

3  40.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

4  herein.

5  41.    Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on

6  behalf of the following collective of individuals:

7  **All current and former hourly, non-exempt employees employed by Defendant Aegis Senior Communities LLC d/b/a Aegis Living in the United States any time starting three years prior to the filing of this Complaint until resolution of this action.**

8

9  42.    Defendant has not compensated these employees for all hours worked, including

10  minimum wage and overtime compensation for all hours worked over 40 hours per week, liquidated

11  damages, and attorneys' fees and costs under the FLSA.

12  43.    Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-

13  in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are

14  similar to the claims of the Collective members.

15  44.    Plaintiff is informed, believes, and thereon alleges that Collective members have been

16  denied compensation, including overtime compensation for time worked "off-the-clock," and would

17  therefore likely join this collective action if provided a notice of their rights to do.

18  45.    Plaintiff and the Collective members are similarly situated. Collective Members have

19  substantially similar job duties and requirements. Like Plaintiff, Defendant subjected Collective

20  members to Defendant's common practices, policies, or plans that requires them to perform work

21  without compensation in clear violation of the FLSA. Collective Members work, or have worked, for

22  Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate

23  when those hours exceeded forty per workweek. Collective Members also performed compensable

24  work while "off-the-clock" which, when included with their recorded hours, results in additional

25  overtime hours worked that were not compensated at the rate of one and one-half times their regular

26  hourly in violation of the FLSA.

27  46.    Although Defendant permitted and/or required Collective members to work in excess

28

___

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC*

of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty as a result of meal breaks that were interrupted due to work demands and "off-the-clock" work.

47.     Collective members regularly work or have worked in excess of forty hours during a workweek.

48.     Collective members are not exempt from receiving overtime compensation under the FLSA.

49.     Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

50.     This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

a.     Defendant maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

b.     Defendant maintained common timekeeping systems and policies with respect to Plaintiff and Collective members; and

c.     Defendant maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members.

51.     Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Collective members. Defendant had a plan, policy or practice that resulted in inaccurately recording Plaintiff and Collective members' workhours, causing vast underpayments for

the amount of hours Plaintiff and Collective members worked. These underpayments caused Plaintiff and Collective members to receive wages below the federal minimum wage. Further, Defendant had a plan, policy or practice of not recording or paying Plaintiff and Collective members for interrupted, interruptible, or missed meal and rest breaks. These unpaid hours are typically worked in excess of 40 hours per week, and therefore the failure to track these hours results in a violation of the FLSA.

52.     The similarly situated Collective members are known to Defendant, are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## **RULE 23 CLASS ACTION ALLEGATIONS**

53.     Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The California Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees employed by Defendant Aegis Senior Communities LLC d/b/a Aegis Living in California any time starting four years prior to the filing of this Complaint until resolution of this action.**

54.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

55.     <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of California Class members exceeds 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable. Furthermore, the identities of the California Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual

1    actions would prejudice the California Class and Defendant.

2         56.    <u>Commonality</u>:   There are questions of law and fact common to Plaintiff and the

3    California Class that predominate over any questions affecting only individual members of the Class.

4    These common questions of law and fact include, but are not limited to:

5         a.          Whether Defendant fails to pay putative Class members for all hours worked,

6    including at minimum wage and as overtime compensation, in violation of the Labor Code and Wage

7    Orders;

8         b.          Whether Defendant fails to authorize and permit, make available, and/or provide

9    putative Class members with timely meal and/or rest periods to which they are entitled in violation of

10    the Labor Code and Wage Orders;

11         c.          Whether Defendant fails to provide putative Class members with timely, accurate

12    itemized wage statements in violation of the Labor Code and Wage Orders;

13         d.          Whether Defendant fails to provide putative Class members with all owed wages

14    upon separation from employment in violation of the Labor Code and Wage Orders;

15         e.          Whether Defendant violates Business and Professions Code §§ 17200 *et seq.*, by:

16                (a)    failing to pay putative Class members for all hours worked, including at

17                     minimum wage and as overtime compensation;

18                (b)    failing to authorize and permit, make available, and/or provide Class members

19                     with timely meal and/or rest periods to which they are entitled;

20                (c)    failing to provide putative Class members with timely, accurate itemized wage

21                     statements; and

22                (d)    failing to pay putative Class members for all wages owed upon separation of

23                     employment;

24         f.          The proper formula for calculating restitution, damages and penalties owed to

25    Plaintiff and the putative Class as alleged herein.

26         57.    <u>Typicality</u>:   Plaintiff's claims are typical of the claims of the California Class.

27    Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and

28

putative Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the putative Class.

58.     <u>Adequacy of Representation</u>:  Plaintiff seeks relief for state law violations perpetrated by Defendant. In that sense, Plaintiff does not have any conflicts of interest with other putative Class members and will prosecute the case vigorously on behalf of the putative Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the putative Class members.

59.     <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

60.     In the alternative, the putative Class may be certified because the prosecution of separate actions by the individual members of the putative Class would create a risk of inconsistent or varying adjudication with respect to individual members of the putative Class which would establish incompatible standards of conduct for Defendant.

61.     If each individual putative Class member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the putative Class with Defendant's vastly superior financial legal resources.

62.     Requiring each individual putative Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the putative Class members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**Pursuant to 29 U.S.C. §§ 201, et seq.**
**(On Behalf of the Collective)**

63.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

64.     The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206(a)(1), 207(a)(1).

65.     At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

66.     Defendant is a covered employer required to comply with the FLSA's mandates.

67.     Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

68.     Plaintiff and the Collective are victims of a uniform and company-wide compensation policy that has been applied to current and former non-exempt, hourly employees of Defendant, working throughout the United States.

69.     Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

70.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

71.     Pay, including minimum wage, straight time, and overtime compensation, has been

_____
CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC*

unlawfully withheld by Defendant from Plaintiff and the Collective as a result of Defendant's violations of the FLSA.  Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

72.   Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay for All Hours Worked**
**Pursuant to California Labor Code § 204**
**(On Behalf of the Class)**

73.   Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

74.   Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

75.   Labor Code § 204 provides that employers must compensate employees for all hours worked "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

76.   Labor Code §§ 221-223 prohibit employers from withholding and deducting wages, or otherwise artificially lowering the wage scale of an employee.

77.   Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

78.   Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

79.   IWC Wage 5-2001(2)(K) define hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

80.   Defendant willfully engaged in and continues to engage in a policy and practice of not

14

compensating Plaintiff and putative Class members for all hours worked or spent in Defendant's control.

81.     Defendant routinely denies Plaintiff and putative Class members compensation for all hours worked. In particular, Defendant has required Plaintiff and putative Class members to work 40-hour weeks while vastly underpaying them for the number of hours worked. For example, at Plaintiff's payrate of $17.00 per hour, her bi-weekly paycheck for working 80 hours should have added up to roughly $1,360. Instead, throughout Plaintiff's tenure working for Defendant, Plaintiff received bi-weekly payments of $465.80 from Defendant, a figure that covers only 27.4 hours of pay. In essence, Plaintiff worked more than 52 hours per week that she did not get paid for. Putative Class members suffer similar underpayments from Defendant. Upon Plaintiff and putative Class members' complaints regarding the severe underpayments, Defendant blamed the underpayments on a breach in the Kronos payroll system that Defendant used to record hours and wages. Despite it being Defendant's responsibility, not the responsibility of Kronos, to make sure Plaintiff and putative Class members are properly compensated, Defendant has failed to timely and accurately issue Plaintiff and putative Class members the correct payment for the hours of work that they have labored for the benefit of Defendant.

82.     In violation of California law, Defendant knowingly and willfully refuses to perform its obligations to provide Plaintiff and putative Class members with compensation for all time worked. Defendant regularly fails to track the time Plaintiff and putative Class members actually worked and fail to compensate them for all hours worked.

83.     Therefore, Defendant has committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and putative Class members' rights. Plaintiff and putative Class members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

84.     As a proximate result of the aforementioned violations, Plaintiff and putative Class members have been damaged in an amount according to proof at time of trial.

85.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**

**Failure to Pay Minimum Wage for All Hours Worked**
**Pursuant to the California Labor Code §§ 204, 1194, 1197 & 1198**
**(On Behalf of the Class)**

86.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

87.     Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

88.     Labor Code § 204 provides that employers must compensate employees for all hours worked "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

89.     Labor Code §§ 221-223 prohibit employers from withholding and deducting wages, or otherwise artificially lowering the wage scale of an employee.

90.     Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

91.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

92.     IWC Wage Order 5-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

93.     During the applicable statutory period, California Labor Code §§ 1182.12 and 1197, and the Minimum Wage Order were in full force and effect and required that Defendant's hourly employees receive the minimum wage for all hours worked at the rate of eleven dollars ($11.00) per hour commencing on January 1, 2018, twelve dollars ($12.00) per hour commencing on January 1, 2019, thirteen dollars ($13.00) per hour commencing on January 1, 2020, fourteen dollars ($14.00) per hour commencing January 1, 2021, and fifteen dollars ($15.00) per hour commencing January 1,

2022.

94.    Defendant has maintained policies and procedures which created a working environment where Plaintiff and putative Class members are routinely compensated at a rate that is less than the statutory minimum wage.

95.    Defendant routinely denies Plaintiff and putative Class members compensation for all hours worked, including minimum wage. Plaintiff and putative Class members are regularly compensated for less than the total amount of hours they actually work. For example, as explained above, during Plaintiff's tenure working for Defendant, Plaintiff received bi-weekly payments of $465.80 from Defendant, despite working 40 hours per week at a pay-rate of $17.00 per hour. These wage payments calculate to roughly $5.82 per hour – well below the State of California's minimum wage requirements. Putative Class members suffer similar underpayments from Defendant. Thus, Defendant underpays Plaintiff and putative Class members by routinely refusing to compensate all time worked resulting in minimum wage violations.

96.    In violation of California law, Defendant knowingly and willfully refuses to perform their obligations to pay minimum wage to Plaintiff and putative Class members for all time worked.

97.    Therefore, Defendant committed, and continues to commit the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff's and putative Class members' rights. Plaintiff and the putative Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

98.    As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

99.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**Pursuant to California Labor Code § 510**
**(On Behalf of the Class)**

100.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

101.    Defendant does not compensate Plaintiff and Class members with appropriate overtime, including time and a half, as required by California law.

102.    Labor Code § 510 provides as follows:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

103.    The IWC Wage Order 5-2001(3)(A)(1) states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

104.    Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

105.    Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

106.    Defendant routinely denies Plaintiff and putative Class members compensation for all hours worked, including overtime. Plaintiff and putative Class members are regularly compensated for less than the total amount of hours they actually work. Plaintiff and putative Class members receive

18

bi-weekly payments for the hours that they work, however, the amount of pay issued to Plaintiff and putative Class members is often insufficient and grossly less than what is owed, *i.e.*, Plaintiff's and putative Class members' pay does not reflect the total amount of hours they actually work. Thus, Defendant underpays Plaintiff and putative Class members by routinely refusing to compensate all time worked, including at overtime.

107.   As a result, Plaintiff and putative Class members have worked overtime hours for Defendant without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

108.   Defendant knowingly and willfully refuses to perform its obligations to provide Plaintiff and the Class members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendant has damaged Plaintiff and the Class members in amounts to be determined according to proof at time of trial.

109.   Defendant is liable to Plaintiff and the putative Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

110.   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
**Failure to Authorize and Permit and/or Make Available Meal and/or Rest Periods
Pursuant to California Labor Code §§ 226.7 & 512
(On Behalf of the Class)**

111.   Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

112.   Defendant routinely fails to authorize, permit and/or make available compliant meal periods to Plaintiff and putative Class members. Plaintiff's and putative Class members' schedules regularly prevent them from taking compliant meal periods. Plaintiff and putative Class members are routinely denied meal breaks for three reasons: (i) Plaintiff and putative class members are often called away from their meal breaks to provide care to a resident; (ii) Defendant does not authorize, permit, and/or make available timely meal breaks to Plaintiff and putative Class members; and (iii) Plaintiff

1   and putative Class members are often too busy with work during the day to have time to take bona

2   fide meal breaks.

3   113.   When Plaintiff and putative Class members attempt a meal break, such is often

4   interrupted and/or untimely, *i.e.*, Defendant does not provide Plaintiff and putative Class members

5   with duty-free, uninterrupted, and timely thirty-minute meal periods during which Plaintiff and

6   putative Class members should be completely relieved of any duty, by the end of the fifth hour of

7   work.

8   114.   Plaintiff and putative Class members are not provided with one (1) hour of premium

9   pay for each day they do not receive a complaint meal break.

10   115.   Similarly, Defendant regularly fails to make rest periods available to Plaintiff and

11   putative Class members.  Plaintiff and putative Class members' schedules regularly prevent them from

12   taking *bona fide* rest breaks throughout the day. When available, if ever, such are often untimely and/or

13   interrupted, *i.e.*, Defendant does not provide Plaintiff and putative Class members with duty-free,

14   uninterrupted, and timely ten-minute rest periods during which Plaintiff and putative Class members

15   should be completely relieved of any duty, by the end of the fourth hour of work, and again by the end

16   of the eighth hour of work.

17   116.   Plaintiff and putative Class members are not provided with one (1) hour of premium

18   pay for each day they do not receive a complaint rest break.

19   117.   Labor Code § 226.7 and the applicable Wage Order require Defendant to authorize and

20   permit meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and the Wage Orders

21   prohibit employers from employing an employee for more than five (5) hours without a meal period

22   of not less than thirty minutes, and from employing an employee more than ten (10) hours per day

23   without providing the employee with a second meal period of not less than thirty minutes.

24   118.   Labor Code § 226.7 and the applicable Wage Order also require employers to authorize

25   and permit employees to take ten (10) minutes of net rest time per (4) four hours or major fraction

26   thereof of work, and to pay employees their full wages during those rest periods. Unless the employee

27   is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and

28

20

the meal period is counted as time worked under the applicable Wage Order.

119.    Under Labor Code § 226.7(b) and the applicable Wage Order, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.  Similarly, an employer must pay an employee denied a required rest period one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

120.    Despite these requirements, Defendant has often knowingly and willfully refused to perform its obligations to authorize and permit and/or make available to Plaintiff and putative Class members the ability to take the meal and/or rest periods to which they are entitled.

121.    Defendant has also failed to pay Plaintiff and putative Class one hour of pay for each day an off-duty meal and/or rest period was denied. Defendant's conduct described herein violates Labor Code § 226.7 and 512.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and putative Class members are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

122.    As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

123.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to California Labor Code § 226**
**(On Behalf of the Class)**

124.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

125.    Defendant does not provide Plaintiff and putative Class members with accurate itemized wage statements as required by California law.

126.    Labor Code § 226(a) provides:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an

21

accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

127.   IWC Wage Order 5-2001(7) establishes similar wage statement requirements.

128.   Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

129.   Plaintiff seeks to recover actual damages, costs, and attorneys' fees under this section.

130.   Defendant does not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendant provides its employees, including Plaintiff and putative Class members, do not accurately reflect all hours worked, including minimum wages and overtime. In addition, Defendant's wage statements do not include premium pay for missed meal and rest period.

131.   Defendant is liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

132.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**Waiting Time Penalties Pursuant to California Labor Code §§ 201-203**
**(On Behalf of the Class)**

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC*

133.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

134.    Defendant does not provide putative Class members with their wages when due under California law after their employment with Defendant ends.

135.    Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

136.    Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

137.    Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

138.    Some of the putative Class members, including Plaintiff, left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendant, which went unrecorded and/or uncompensated. In addition, Plaintiff and putative Class members who left their employment during the statutory period were owed premium pay for missed, interrupted and/or untimely meal and rest periods.

139.    Defendant willfully refused and continues to refuse to pay putative Class members all the wages that are due and owing to them, in the form of uncompensated time worked, upon the end of their employment as a result of Defendant's willful failure to provide Plaintiff and the putative Class members with payment for all hours worked, including minimum wage and overtime.  In addition, Defendant willfully refused and continues to refuse to pay Plaintiff and putative Class members premium pay for missed, interrupted and/or untimely meal and rest periods. As a result of

23

Defendant's actions, Plaintiff and putative Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

140.    Defendant's willful failure to pay Plaintiff and putative Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to Plaintiff and proposed Class members for all penalties owing pursuant to Labor Code §§ 201-203.

141.    In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty(30)  days from the time the wages were due. Therefore, the Plaintiff and putative Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

142.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200, *et seq*.**
**(On Behalf of the Class)**

143.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

144.    California Business and Professions Code § 17200, *et seq*., prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

145.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

146.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

147.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a.   Violations of Labor Code § 1194 and IWC Wage Order 5-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

b.   violations of Labor Code § 510 and Wage Order 5-2001 pertaining to overtime;

c.   violations of Labor Code §§ 226.7, 512 and Wage Order 5-2001 pertaining to meal periods and rest breaks;

d.   violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

e.   violations of Labor Code §§ 201-302 pertaining to payment of all due wages upon separation from employment.

148.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq*.

149.   The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

150.   Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

151.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

152.   Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year

period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to gratuity payments retained by Defendant, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

153.    Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

154.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of the Class and Collective members, requests the following relief:

1.    For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

2.    For an order equitably tolling the statute of limitations for the potential members of the Collective;

3.    Damages and restitution according to proof at trial for all unpaid gratuities, wages and other injuries, as provided by the FLSA, California Labor Code, and California Business and Professions Code;

4.    For a declaratory judgment that Defendant violated the FLSA, California Labor Code, California law, and public policy as alleged herein;

5.    For a declaratory judgment that Defendant violated California Business and Professions Code §§ 17200 *et seq*. as a result of the aforementioned violations of the

_____
CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC*

1        California Labor Code;

2    6.   For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its

3         officers, agents, and all those acting in concert with them from committing in the future

4         those violations of law herein alleged;

5    7.   For an equitable accounting to identify, locate, and restore to all current and former

6         employees the wages they are due, with interest thereon;

7    8.   For an equitable accounting to identify, locate, and restore to all current and former

8         employees the wages they are due, with interest thereon;

9    9.   For an order awarding Plaintiff and putative Class and Collective members

10        compensatory damages, including gratuities owed, lost wages, earnings, liquidated

11        damages, and other employee benefits, restitution, recovery of all money/property,

12        actual damages, and all other sums of money owed to Plaintiff and putative Class and

13        Collective members, together with interest on these amounts according to proof;

14    10.  For an order awarding Plaintiff and putative Class and Collective members civil

15        penalties pursuant to the FLSA, California Labor Code, and the laws of the State of

16        California, with interest thereon;

17    11.  For an order awarding reasonable attorneys' fees as provided by the FLSA, California

18        Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of

19        California, and/or other applicable law;

20    12.  For all costs of suit;

21    13.  For interest on any penalties awarded, as provided by applicable law;

22    14.  For injunctive relief requiring Defendant to correct its unlawful practices; and

23    15.  For such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Date: March 18, 2022

Carolyn H. Cottrell
Samantha A. Smith
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

*Attorneys for Plaintiff,*
*on behalf of the putative Class and Collective*

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC*

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to

3

a jury.

4

Respectfully Submitted,

5

Date: March 18, 2022

6

7

Carolyn H. Cottrell

Samantha A. Smith

8

**SCHNEIDER WALLACE**

**COTTRELL KONECKY LLP**

9

10

*Attorneys for Plaintiff,*

*on behalf of the putative Class and Collective*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

*Melgoza v. Aegis Senior Communities LLC*