Carolyn H. Cottrell (SBN 166977)
Samantha A. Smith (SBN 233331)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
sasmith@schneiderwallace.com

*Attorneys for Plaintiff & the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DANIEL MELGOZA, on behalf of herself and all other similarly situated,

Plaintiff,

vs.

AEGIS SENIOR COMMUNITIES LLC d/b/a/ AEGIS LIVING,

Defendant.

Case No. 5:22-CV-01756-LB

**PLAINTIFF DANIEL MELGOZA'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY PLAINTIFF'S STATE LAW CLAIMS**

Date: May 26, 2022
Time: 9:30 a.m. PST
Judge: Mag. Judge Laurel Beeler
Place: Video Conference

## I. INTRODUCTION AND SUMMARY OF RELEVANT FACTS

Defendant Aegis Senior Communities, LLC d/b/a Aegis Living ("Defendant") seeks to dismiss or stay all of Plaintiff's California state law claims due to overlap with another case originally filed in state court and removed to this Court on January 26, 2022, *Salanga v. Aegis Senior Communities, LLC*, Case No. 3:220cv000525-LB (Alameda Superior Court, Case No. 22CV003128) ("*Salanga*"), based on the "first to file" rule. However, the first to file rule is a rule of judicial economy and dismissal should be granted only in exceptional circumstances, which does not exist here.

The goals underlying the first to file rule were satisfied when the present matter was recently reassigned to this Court as it is the same courtroom where *Salanga* is pending. Therefore, no further application of the first to file rule is necessary or appropriate. Moreover, the Court should deny Defendant's motion to dismiss Plaintiff's state claims because *Salanga* faces the possibility of remand. Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction. This rule not only applies to cases pending in state court but to cases that were first filed before the state court. Thus, Plaintiff's state claims should be allowed to move forward concurrently.

In the event the Court decides to follow the first to file rule, Plaintiff respectfully requests the Court stay Plaintiff's state claims, rather than dismiss them, as dismissing the claims could potentially prejudice Plaintiff and the putative class.

## II. LEGAL ARGUMENT

### A. <u>The First to File Rule Does Not Apply Here as the Transferring of Plaintiff's Case to be Heard in the Same Court as the *Salanga* Case Fully Satisfies the Purposes of the Rule.</u>

The first to file rule allows a district court to transfer, stay, or dismiss an action when a similar action was previously filed in another federal court. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). The purpose of the first to file rule is to promote efficiency and

judicial economy. *Id*. at 625, 628-29. However, dismissal is disfavored as a harsh penalty which should only be imposed in extreme circumstances. *Fredik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In applying the first to file rule, a court must examine three factors: (1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F. 2d 93, 95 (9th Cir. 1982). While Plaintiff does not dispute the chronology of the state law claims or the similarity of the parties and issues as to the state law claims, application of the rule is inappropriate here where the goals of the first to file rule were already met when this case was reassigned to the same courtroom where *Solanga* is pending.

In cases where the parties and issues are similar but not identical, transfer of the later-filed case to the court where the first-filed case is pending is the appropriate remedy. *See*, e.g., *Wallerstein v. Dole Fresh Vegetables, Inc*., 967 F. Supp. 2d 1289,1298 (N.D. Cal. 2013) (finding that equity did not prevent transfer "in light of the conservation of resources and significant judicial efficiency to be gained"); *Abikar v. Bristol Bay Native Corp*., No. 18-CV-1700-GPC-AGS, 2019 WL 1015342, *4 (S.D. Cal. Mar. 4, 2019) (determining transfer would be the least drastic alternative, where the second action included a FLSA claim that resulted in the two actions not being identical); *Manier v. L'Oreal USA, Inc*., No. 2:16-CV-06886-ODW-DS, 2017 WL 59066, *3 (C.D. Cal. Jan. 4, 2017) ("transfer . . . is most appropriate and will serve the purpose of the first-to -file rule in promoting judicial efficiency"); *Carrera v. First American Home Buyers Protection Co*., No. CV 09-7801-GHK (FFMx), 2009 WL 10674763 (C.D. Cal. Nov. 30, 2009) (finding transfer to be the more appropriate course of action where no class had been certified in either case and there was a pending motion for remand); *Tomkins v. Basic Research LL*, No. Civ S-08-244, 2008 WL 1808316, at *6 (E.D. Cal. Apr. 22, 2008) (transferring the class action complaint because the second action included a claim that was not included in the first action); *Persepolis Enter. v. United Parcel Serv., Inc*., No. C-07-2379 SC, 2007 WL 2669901 (N.D. Cal. Sept. 7, 2007) (transferring the class action complaint because the putative classes were defined differently). Here, Plaintiff's action is similar to *Salanga* but Plaintiff also represents a putative collective class under the FLSA that reaches beyond California. Plaintiff's action has already been transferred to this court

where *Salanga* is also being heard via the April 27, 2022 transfer order. Having Plaintiff's case heard in the same courtroom as *Salanga* streamlines the litigation and avoids conflicting or duplicative judgments. Thus, the April 27, 2022 transfer has already fulfilled the purposes of the first to file rule and further application of the rule is unwarranted.

Other California class action cases have held that transfer is the most appropriate remedy under the first to file rule. In *Manier v. L'Oreal USA, Inc.*, the court held that transfer was the most appropriate means of serving the purposes of the first to file rule, noting, "the two cases here follow a similar timeline, have similar class periods, and can share in discovery and other management in order to conserve judicial resources." No. 2:16-cv-06886-ODW-KS, 2017 WL 59066 at *3. In J*anell Johnson Campbell v. Annie's Homegrown, Inc.*, the court held that transfer was appropriate where the class in a later-filed case was subsumed within the class of an earlier-filed case. No. 17-CV-1736-MMA-MDD, 2017 WL 6406703 (S.D. Cal. Dec. 15, 2017). Similarly, in *Alyssa Schwartz v. Frito-Lay North America*, the court ordered a transfer where claims were similar but not identical, No. C-12-02740-EDL, 2012 WL 8147135 at *3 (N.D. Cal. Sep. 12, 2012). Meanwhile, in *Adoma v. Univ. of Phoenix*, Inc., the court declined to dismiss, stay, or transfer due to fairness considerations. 711 F.Supp.2d 1142 (E.D. Cal. 2010) (declining to apply the first-to-file rule were staying the second action, which included a collective action under FLSA, would potentially prejudice the rights of putative opt-in members).

Given that the two cases are presently pending before this Court, the purpose of the first to file rule is satisfied and Defendant's motion to dismiss and/or stay should be denied.

### B. <u>The Possibility of Remand of the *Salanga* Case Militates Against Dismissal.</u>

The first to file rule is based on the doctrine of federal comity that allows a district court to decline jurisdiction over an action where another action has already been filed in <u>*another district*</u> involving the same parties and issues. *Maharaj v. Charter Commc'ns, Inc.*, Case No. 20-cv-00064-BAS-LL, 2021 WL 689915, *4-5 (S.D. Cal. Feb. 23, 2021) (court declined jurisdiction over PAGA actions initiated in state court); *Cummins v. Lollar*, No. CV 11-08081 DMG (MANx), 2011 WL

13134834, at *4 (C.D. Cal. Dec. 14, 2011) (finding the first-to-file rule did not apply where first filed case was filed in Texas state court and not a district court); *see Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc*., 787 F.3d 1237, 1239 (9th Cir. 2015); *see also Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 94-95 (9th Cir. 1982) ("There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district..").

The Supreme Court in *Colorado River Water Conservation v. U.S* distinguished the first-to-file rule as applicable to cases pending between _federal district courts_:

> Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[.] As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation. *This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them*.

424 U.S. 800, 817 (1976) (quotations and citations omitted) (emphasis added); *see also Black Rock Coffee Bar, LLC v. BR Coffee, LLC*, No. 3:20-CV-976-SI, 2020 WL 4728877, at *7 (D. Or. Aug. 14, 2020).

The Ninth Circuit has also identified the first to file rule as "a generally recognized doctrine of federal comity" permitting district courts to decline jurisdiction where an action involving the same parties and issues is filed in _another district court_. *Apple Inc. v. Psystar Corp*., 658 F.3d 1150, 1161 (9th Cir. 2011) (emphasis added); *see also Church of Scientology of Calif. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (describing the "first-to-file" rule as "a discretionary doctrine which permits one district to decline judgment on an issue which is properly before another district"); *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) ("The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank."), aff'd, 493 U.S. 182 (1990).

Here, the *Salanga* matter was initiated in state court, subsequently removed to this Court and,

at the time Plaintiff filed this motion, has a motion to remand pending.[1] There is no question that the first to file rule does not apply to cases pending in state court. Thus, in the event the *Salanga* case is remanded, Defendant's motion to dismiss and/or stay is moot and Plaintiff's case must be allowed to proceed in its entirety.

**C. In the Event the *Salanga* Case is Not Remanded, Dismissal of Plaintiff's State Claims is Not Appropriate.**

Should this Court apply the first to file rule, it should stay Plaintiff's state claims rather than dismiss them as Defendant will suffer no prejudice by doing so. Regardless of whether Plaintiff's state claims are dismissed or stayed, Defendant will still have to litigate Plaintiff's FLSA claim, requiring similar discovery as Plaintiff's state claims. Thus, any discovery burden potentially alleviated by dismissing Plaintiff's state claims is minimal at best, and would fail to adequately "conserve judicial resources." *Adoma*, 711 F.Supp.2d at 1144. Instead, dismissing Plaintiff's state claims would foreclose Plaintiff from pursuing those claims in the future and potentially prejudice Plaintiff and the putative class in the event the state law claims are not resolved in the *Salanga* matter. *See Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc*., 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008)(citing to *Alltrade, Inc. v. Uniweld Prod*s., 946 F.2d 622, 627-629 (9th Cir. 1991))("If there are concerns regarding the availability of remedies in the court of first filing, or regarding its jurisdiction over claims which might implicate a statute of limitations if dismissed by that court, or if that court is preparing to transfer its matter to the court of second filing, then the court of second filing should consider a stay."); *see also Dolores Press, Inc., v. Robinson*, 776 F. App'x 461, 466 (9th Cir. 2019)("Dismissal under the first-to-file rule is improper if it would prejudice the plaintiff in the second-filed case from presenting its claims in either the first-filed case or a later case."). As such, in the event the Court is inclined to follow the first to file rule, Plaintiff respectfully requests the Court stay Plaintiff's state claims rather than dismiss them.

//

//

[1] The motion to remand in the *Salanga* action is presently set for hearing on May 5, 2022.

**III. CONCLUSION**

Based on the foregoing, Defendant's motion to dismiss and/or stay should be denied. In the event the Court chooses to apply the first to file rule, Plaintiff respectfully requests the Court stay rather than dismiss Plaintiff's state law claims.

Date: May 2, 2022

Respectfully Submitted,

*/s/ Samantha A. Smith*

Carolyn H. Cottrell
Samantha A. Smith
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

This is to certify that on May 2, 2022, a copy of the foregoing instrument was served upon all parties of record via the Court's electronic case filing system.

*/s/ Samantha A. Smith*
Samantha A. Smith