1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        San Francisco Division

11   DANIELA MELGOZA, on behalf of herself        Case No. 3:22-cv-01756-LB
     and all others similarly situated,            (Related Case No. 3:22-cv-00525-LB)
12
                          Plaintiffs,             **ORDER DENYING MOTION TO**
13                                                **DISMISS AND CONSOLIDATING**
              v.                                  **RELATED CASES**
14
                                                  Re: ECF No. 16
     AEGIS SENIOR COMMUNITIES LLC
15   D/B/A AEGIS LIVING,

16                        Defendant.

17                              **INTRODUCTION**

18        This wage-and-hour employment class action, *Daniela Melgoza v. Aegis Senior Communities,*

19   *LLC D/B/A Aegis Living*, No. 22-cv-01756-LB, is related to an earlier-filed class action, *Andrea*

20   *Salonga v. Aegis Senior Communities, LLC*, No. 22-cv-00525-LB.[1] The defendant is the same in

21   both actions. The defendant has moved to dismiss or stay the state-law claims in the *Melgoza*

22   action under the first-to-file rule.[2] Alternatively, the defendant asked the court to consolidate the

23   two cases under Federal Rule of Civil Procedure 42(a).[3]

24

25   [1] Order – *Salonga* ECF No. 40. Citations refer to material in the Electronic Case File (ECF) in the
     *Melgoza* action; pinpoint citations are to the ECF-generated page numbers at the top of documents.
26   Citations to docket entries and documents from the *Salonga* action are identified as such, *e.g.*,
     "*Salonga* ECF No. 1" refers to the first docket entry in the *Salonga* action.
27
     [2] Mot. – ECF No. 16 at 6, 10.
28
     [3] Reply – ECF No. 25 at 6–7.

     ORDER – No. 22-cv-01756-LB

The plaintiff opposed dismissal under the first-to-file rule, in part, based on the possibility that the court may have remanded the *Salonga* action back to state court.[4] This argument is moot because the court has denied the motion to remand.[5] The plaintiff also argued that dismissal under the first-to-file rule is unnecessary because the order relating the cases satisfied the efficiency interest that the first-to-file rule addresses.[6] Concerning the defendant's consolidation proposal, both named plaintiffs have stated that they do not oppose consolidation.[7]

The court denies the motion to dismiss and, instead, consolidates the two related cases because (1) both cases involve similar questions of law and fact and (2) no party has opposed consolidation or identified any prejudicial effect of consolidation.

## STATEMENT

The *Salonga* action was removed to this court in late January 2022 and the *Melgoza* action was filed in this court in March 2022.[8] The plaintiffs in both cases have asserted the following state-law claims: (1) California Labor Code §§ 1182.12, 1194, 1194.2, 1197 (minimum wage); (2) California Labor Code §§ 510, 1194, 1198 (overtime); (3) California Labor Code §§ 226.7, 512 (meal periods); (4) California Labor Code § 226.7 (rest breaks); (5) California Labor Code § 226 (accurate wage statements); (6) California Labor Code §§ 201, 202, 203 (wages due on separation); and (7) California Business and Professions Code §§ 17200, *et seq.* (unfair business practices).[9] There are, however, some differences between the complaints.

The *Salonga* action includes a claim for violating California Labor Code §§ 2800, 2802 (business-expense reimbursement) but the *Melgoza* plaintiff has not asserted such a claim.[10]

---

[4] Opp'n – ECF No. 24 at 4–6.

[5] Order – *Salonga* ECF No. 39.

[6] Opp'n – ECF No. 24 at 2–3.

[7] Pl.'s Statement – ECF No. 28 at 2; Pl.'s Statement – *Salonga* ECF No. 42 at 1–3.

[8] Compl. – ECF No. 1; Notice of Removal – *Salonga* ECF No. 1.

[9] Compl. – ECF No. 1 at 13–26 (¶¶ 63–154); Compl. – *Salonga* ECF No. 1 at 32–42 (¶¶ 37–101).

[10] Compl. – *Salonga* ECF No. 1 at 36–37 (¶¶ 72–79); Mot. – ECF No. 16 at 9.

United States District Court
Northern District of California

1    Furthermore, the *Melgoza* plaintiff, unlike the *Salonga* plaintiff, has asserted claims under the

2    federal Fair Labor Standards Act (FLSA) and California Labor Code § 204 (failure to pay for all

3    hours worked).[11] Despite the differences, both cases are pending in this court and the state-law

4    claims in the *Melgoza* action overlap with the state-law claims in the *Salonga* action.

5         Regarding the parties, the defendants are the same in both actions.[12] The putative class in the

6    *Salonga* action includes "[a]ll California citizens currently or formerly employed by Defendants as

7    non-exempt employees in the State of California at any time between May 30, 2017 and the date

8    of class certification."[13] The putative class in the *Melgoza* action includes "[a]ll current and former

9    hourly, non-exempt employees employed by Defendant Aegis Senior Communities LLC d/b/a

10   Aegis Living in California any time starting four years prior to the filing of this Complaint until

11   resolution of this action" and the class period commences on March 18, 2018.[14] Thus, the putative

12   class in the *Melgoza* action is subsumed within the putative *Salonga* class.

13        The parties in both cases have consented to magistrate-judge jurisdiction under 28 U.S.C. §

14   636(c).[15] The court held a hearing on May 26, 2022.

15

16                                        **ANALYSIS**

17        Rule 42 provides that the court may consolidate actions involving "a common question of law

18   or fact." The court has broad discretion to consolidate cases under this rule "either by motions

19   submitted by the parties or *sua sponte*." *Solannex, Inc. v. Miasole, Inc.*, No. CV 11-00171 PSG,

20   2013 WL 430984, at *2 (N.D. Cal. Feb. 1, 2013) (citing, *inter alia*, *In re Adams Apple, Inc.*, 829

21   F.2d 1484, 1487 (9th Cir.1987)); *see also Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,

22   877 F.2d 777, 777 (9th Cir. 1989). To decide whether consolidation is appropriate, the court

23

24   _____

25   [11] Compl. – ECF No. 1 at 13–15 (¶¶ 63–85); Opp'n – ECF No. 24 at 3; Mot. – ECF No. 16 at 8.

     [12] Compl. – ECF No. 1 at 2 (¶ 1); Compl. Ex. A to Notice of Removal – *Salonga* ECF No. 1 at 24 (¶
26   1).

     [13] Compl., Ex. A to Notice of Removal – *Salonga* ECF No. 1 at 26–27 (¶ 20).
27
     [14] Compl. – ECF No. 1 at 10 (¶ 53).
28
     [15] Consents – ECF Nos. 8, 21.

United States District Court
Northern District of California

1   should weigh "'the saving of time and effort consolidation would produce against any

2   inconvenience, delay, or expense that it would cause.'" *BizCloud, Inc. v. Comput. Scis. Corp.*, No.

3   C-13-05999 JCS, 2014 WL 1724762, at *2 (N.D. Cal. Apr. 29, 2014) (quoting *Huene v. United*

4   *States*, 743 F.2d 703, 704 (9th Cir. 1984)). Furthermore, "'[a] common practice in consolidated

5   multiple cases, including class actions, is to encourage use of a master pleading.'" *Imran v. Vital*

6   *Pharms., Inc.*, No. 18-cv-05758-JST, 2019 WL 12340204, at *2 (N.D. Cal. Oct. 17, 2019)

7   (quoting Manual for Complex Litigation § 21.15 (4th ed.)).

8      The actions (1) involve similar questions of law and fact (namely whether the defendant has

9   violated California wage-and-hour laws) and (2) are at a similar stage. Furthermore, no party has

10  opposed consolidation or identified any inconvenience, delay, or expense that could result from

11  consolidation. Thus, the court consolidates these related cases and denies the defendant's request

12  to dismiss or stay under the first-to-file rule.

13

14                                   **CONCLUSION**

15     The related *Salonga* and *Melgoza* actions are consolidated under the lowest case number, 22-

16  cv-00525-LB. The plaintiffs must file a consolidated complaint within 28 days from the date of this

17  order. The consolidated complaint will become the operative complaint and shall supersede all

18  previous complaints filed in either of the related actions.

19     **IT IS SO ORDERED.**

20     Dated: May 26, 2022

21                                                  _____

22                                                  LAUREL BEELER
                                                    United States Magistrate Judge
23

24

25

26

27

28

United States District Court
Northern District of California