Carolyn H. Cottrell (SBN 166977)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com

Samantha A. Smith (SBN 233331)
Michelle S. Lim (SBN 315691)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
300 S. Grand Avenue, Suite 2700
Los Angeles, California 90071
Tel: (213) 835-1550
Fax: (415) 421-7105
sasmith@schneiderwallace.com
mlim@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Collective*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELA MELGOZA, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>AEGIS SENIOR COMMUNITIES LLC d/b/a AEIGIS LIVING,<br><br>*Defendant.* | Case No. 3:22-cv-01756-LB<br>(Consolidated with Case No. 3:22-cv-00525-LB)<br><br>**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>1. **Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201** *et seq.*)<br><br>**DEMAND FOR JURY TRIAL** |

---

FIRST AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC,* Case No. 3:22-cv-01756-LB

## INTRODUCTION

1. Plaintiff Daniela Melgoza ("Plaintiff"), individually and on behalf of all other similarly situated individuals, brings this collective action against Aegis Senior Communities LLC d/b/a Aegis Living ("Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2. Plaintiff brings this collective action to challenge Defendant's policies and practices of failing to pay Plaintiff and Collective Members all overtime wages owed as required under the FLSA.

3. Plaintiff files this action to recover all unpaid wages, compensation, penalties, liquidated damages, and other damages on behalf of herself and Collective Members under the FLSA as a collective action pursuant to Section 216(b). Plaintiff seeks to remedy the sweeping practices Defendant integrated into its time tracking, payroll, and compensation policies, that have deprived Plaintiff and Collective Members of their lawfully earned wages.

4. Plaintiff seeks damages, penalties, and interest to the full extent permitted by the FLSA, as well as other relief requested herein.

## SUBJECT MATTER JURISDICTION AND VENUE

5. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff was employed in this District and the claims asserted arose in this District. At all material times Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California.

## PARTIES

7. Plaintiff Daniela Melgoza is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of California, County of Santa Cruz. Plaintiff was employed as a caregiver by Defendant in Aptos, California from approximately November 2021 until January 2022.

2

FIRST AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC,* Case No. 3:22-cv-01756-LB

8. The Collective members are people who are or who have been employed by Defendant as hourly, non-exempt employees in the United States at any time within the three years preceding the filing of this Complaint.

9. Plaintiff is informed, believes, and thereon alleges that Defendant Aegis Senior Communities LLC, doing business as Aegis Living, is a Washington corporation with its principal place of business located in Bellevue, WA. Defendant is registered to do business in the State of California and does business in the State of California. Defendant may be served with process by serving its registered agent, Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

10. Upon information and belief, Defendant is part of the residential care facilities industry. Defendant operates assisted living and memory care facilities that provide care to elder residents suffering from physical and cognitive impairments. Defendant operates facilities throughout the United States, including in the State of California. Defendant employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff throughout the United States, including in the State of California.

11. Plaintiff is informed, believes, and thereon alleges that Defendant exercises control over Plaintiff and Collective members with respect to their employment.

12. Plaintiff and Collective members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

13. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Plaintiff is informed, believes, and thereon alleges that Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

15. In addition to Plaintiff, Defendant has employed numerous other employees who, like Plaintiff, are hourly, non-exempt employees engaged in interstate commerce. Further, Defendant is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with

3

FIRST AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC,* Case No. 3:22-cv-01756-LB

merchants across state lines, and processes patient credit cards with banks in other states.

16. At all material times, Plaintiff and Collective members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

17. At all material times, Defendant has been an "employer" as that term is used in the FLSA.

## FACTUAL ALLEGATIONS

18. Upon information and belief, Defendant Aegis Senior Communities LLC, doing business as Aegis Living is part of the residential care facilities industry. Defendant owns and operates assisted living and memory care facilities across the United States, including in California. Defendant provides a continuum of care to elder residents suffering from physical and cognitive impairments.

19. Plaintiff worked for Defendant as a caregiver in Aptos, California from approximately November 2021 until January 2022. Her duties included, but were not limited to, assisting residents with activities of daily living; aiding residents in eating, dressing, and washing; providing other care as needed; and reporting resident status. Excluding time worked off the clock, Ms. Melgoza typically worked eight hours per shift and five shifts per week, for a total of 40 hours per week, earning $17.00 per hour.

20. Like Ms. Melgoza, the putative Collective members are current and former non-exempt employees of Defendant throughout the United States. As a result of such uncompensated time worked off the clock, Plaintiff and putative Collective members worked over eight hours in a day and/or over 40 hours in a week without receiving pay at the appropriate overtime rate for such work.

21. Plaintiff is informed, believes, and thereon alleges that Defendant employs and has employed hundreds of non-managerial employees throughout the United States and uniformly classifies them as hourly, non-exempt employees under the FLSA.

22. Plaintiff is informed, believes, and based thereon, alleges that putative Collective members are employed by Defendant in a similar manner throughout the United States, including in this judicial district, and perform work materially similar to Plaintiff.

23. Non-exempt, hourly workers employed by Defendant have a variety of responsibilities.

4

FIRST AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC,* Case No. 3:22-cv-01756-LB

These responsibilities include: cleaning resident rooms, communicating with doctors, administering medicine, recording medical history and symptoms, performing diagnostic tests, checking residents' vital signs, feeding and washing residents, documenting information, and assisting with medical procedures, among other tasks.

24. Defendant requires Plaintiff and putative Collective members to perform work-related activities for Defendant's benefit without adequate compensation. In particular, Defendant required Plaintiff and putative Collective members to work 40-hour weeks while vastly underpaying them for the number of hours worked. For example, throughout Plaintiff's tenure working for Defendant, Plaintiff received bi-weekly payments of $465.80 from Defendant, despite working 40 hours per week at a pay-rate of $17.00 per hour. These wage payments calculate to roughly $5.82 per hour – well below the requirements of the FLSA. Putative Collective members suffer similar underpayments from Defendant. Upon Plaintiff and putative Collective members' complaints to Defendant regarding the severe underpayments, Defendant blamed the underpayments on a breach in the Kronos payroll system that Defendant used to record hours and wages. Despite it being Defendant's responsibility, not the responsibility of Kronos, to make sure Plaintiff and putative Collective members are properly compensated, Defendant has failed to timely and accurately issue Plaintiff and putative Collective members the correct payment for the hours of work that they have labored for the benefit of Defendant.

25. Defendant requires Plaintiff and putative Collective Members to perform additional off-the-clock work without pay. Specifically, pursuant to uniform, companywide policies and practices, Defendant requires Plaintiff and putative Collective members to remain on duty throughout their scheduled shifts. Additionally, Plaintiff and putative Collective members are either too busy with work during the day to have time to take bona fide meal breaks or such breaks are interrupted due to work demands.

26. Plaintiff is informed, believes, and thereon alleges that the same meal break policies are used across all Defendant's facilities.

27. As a result of these policies and/or practices, Plaintiff and putative Collective members

5

are denied compensation for all hours worked, including minimum wages and overtime, which they are lawfully owed resulting from the additional off-the-clock work in excess of eight (8) hours per day and forty (40) hours per week.

28.     Plaintiff is informed, believes, and thereon alleges that Defendant utilizes the same or substantially similar timekeeping and payroll mechanisms throughout all its facilities in the United States.

29.     Defendant's common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by putative Collective members. Defendant's failure to compensate employees for all hours worked, including work performed during unpaid meal breaks, further results in a failure to maintain true and accurate records of hours worked by putative Collective Members.

30.     Defendant has employed hundreds of people similarly situated to Plaintiff during the three-year period prior to the filing of the initial complaint.

31.     Defendant's conduct was willful, carried out in bad faith, and caused significant damages to non-exempt hourly employees in an amount to be determined at trial.

## COLLECTIVE ALLEGATIONS UNDER THE FLSA

32.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

33.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following collective of individuals:

> **All current and former hourly, non-exempt employees employed by Defendant Aegis Senior Communities LLC d/b/a Aegis Living in the United States any time starting three years prior to March 18, 2022 until resolution of this action.**

34.     Defendant has not compensated these employees for all hours worked, including minimum wage and overtime compensation for all hours worked over 40 hours per week, liquidated damages, and attorneys' fees and costs under the FLSA.

35.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the Collective members.

6

FIRST AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC,* Case No. 3:22-cv-01756-LB

36. Plaintiff is informed, believes, and thereon alleges that Collective members have been denied compensation, including overtime compensation for time worked "off-the-clock," and would therefore likely join this collective action if provided a notice of their rights to do.

37. Plaintiff and the Collective members are similarly situated. Collective Members have substantially similar job duties and requirements. Like Plaintiff, Defendant subjected Collective members to Defendant's common practices, policies, or plans that requires them to perform work without compensation in clear violation of the FLSA. Collective Members work, or have worked, for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek. Collective Members also performed compensable work while "off-the-clock" which, when included with their recorded hours, results in additional overtime hours worked that were not compensated at the rate of one and one-half times their regular hourly in violation of the FLSA.

38. Although Defendant permitted and/or required Collective members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty as a result of meal breaks that were interrupted due to work demands and "off-the-clock" work.

39. Collective members regularly work or have worked in excess of forty hours during a workweek.

40. Collective members are not exempt from receiving overtime compensation under the FLSA.

41. Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

42. This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

    a. Defendant maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies

7

FIRST AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC,* Case No. 3:22-cv-01756-LB

implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

b. Defendant maintained common timekeeping systems and policies with respect to Plaintiff and Collective members; and

c. Defendant maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members.

43. Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Collective members. Defendant had a plan, policy or practice that resulted in inaccurately recording Plaintiff and Collective members' workhours, causing vast underpayments for the amount of hours Plaintiff and Collective members worked. These underpayments caused Plaintiff and Collective members to receive wages below the federal minimum wage. Further, Defendant had a plan, policy or practice of not recording or paying Plaintiff and Collective members for interrupted, interruptible, or missed meal breaks. These unpaid hours are typically worked in excess of 40 hours per week, and therefore the failure to track these hours results in a violation of the FLSA.

44. The similarly situated Collective members are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**Pursuant to 29 U.S.C. §§ 201, et seq.**
**(On Behalf of the Collective)**

45. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

8

46. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206(a)(1), 207(a)(1).

47. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

48. Defendant is a covered employer required to comply with the FLSA's mandates.

49. Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

50. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy that has been applied to current and former non-exempt, hourly employees of Defendant, working throughout the United States.

51. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

52. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

53. Pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective as a result of Defendant's violations of the FLSA. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

54. Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

9

FIRST AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC,* Case No. 3:22-cv-01756-LB

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of the Class and Collective members, requests the following relief:

1. For an order certifying that the First Cause of Action in this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

2. For an order equitably tolling the statute of limitations for the potential members of the Collective;

3. Damages and restitution according to proof at trial for all unpaid gratuities, wages and other injuries, as provided by the FLSA;

4. For a declaratory judgment that Defendant violated the FLSA and public policy as alleged herein;

5. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

6. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

7. For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

8. For an order awarding Plaintiff and putative Collective members compensatory damages, including gratuities owed, lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and putative Collective members, together with interest on these amounts according to proof;

9. For an order awarding Plaintiff and putative Collective members civil penalties pursuant to the FLSA, with interest thereon;

10

FIRST AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC,* Case No. 3:22-cv-01756-LB

| | | |
|---|---|---|
| 1 | 10. | For an order awarding reasonable attorneys' fees as provided by the FLSA and/or other |
| 2 | | applicable law; |
| 3 | 11. | For all costs of suit; |
| 4 | 12. | For interest on any penalties awarded, as provided by applicable law; |
| 5 | 13. | For injunctive relief requiring Defendant to correct its unlawful practices; and |
| 6 | 14. | For such other and further relief as this Court deems just and proper. |

                                                                           Respectfully Submitted,

Date: July 25, 2022

                                          */s/ Michelle S. Lim*
                                          Carolyn H. Cottrell
                                          Samantha A. Smith
                                          Michelle S. Lim
                                          **SCHNEIDER WALLACE**
                                          **COTTRELL KONECKY LLP**

                                          *Attorneys for Plaintiff and the Putative Collective*

11

FIRST AMENDED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Melgoza v. Aegis Senior Communities LLC,* Case No. 3:22-cv-01756-LB

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully Submitted,

Date: July 25, 2022

*/s/ Michelle S. Lim*

Carolyn H. Cottrell
Samantha A. Smith
Michelle S. Lim
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

*Attorneys for Plaintiff and the Putative Collective*